### KANE v. UNITED STATES.

(Circuit Court of Appeals, Third Circuit. February 7,.1924.)

No. 3044.

Intoxicating liquors ⊚⟹239(1)—Instructions in prosecution for sale of liquor held sufficient.

In prosecution for selling intoxicating liquor in violation of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.), in which there was evidence that defendant sold whisky and beer containing more than one-half of 1 per cent. of alcohol, in violation of title 2, § 1 (Comp. St. Ann. Supp. 1923, § 10138½), instructions submitting to jury questions of defendant's guilt or innocence *held* sufficient to accord the defendant a fair trial.

In Error to the District Court of the United States for the Eastern District of Pennsylvania; Oliver B. Dickinson, Judge.

John S. Kane was convicted of selling intoxicating liquor, and he brings error. Affirmed.

Thomas Boylan, of Philadelphia, Pa., for plaintiff in error.

Robert V. Bolger, of Philadelphia, Pa., for the United ·States.

Before WOOLLEY and DAVIS, Circuit Judges, and LYNCH, District Judge.

LYNCH, District Judge. The defendant ·appeals from the judgment and sentence of the District Court for the Eastern District of· Pennsylvania under a verdict of guilty on an indictment charging a sale of intoxicating liquor in violation of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et ·seq.). It is the contention of the defendant that the trial judge committed certain errors in instructing the jury as to the law and commenting on the testimony during the course of the charge, which··he *believes* prejudiced the jury against him. At the conclusion of the trial there were .no exceptions to the charge taken. Subsequently, on May 24, 1923, assignments of error were allowed *nunc pro tunc* as of December 19, 1922, the date of the judge's charge. These assignments of error all relate to the language used by the trial judge in his charge. Various sentences and paragraphs were extracted from the charge and complained of.

The defendant was employed ·as a bartender by his mother in a place of business which for many years prior to prohibition was a well-known hotel. Sales of whisky and beer were alleged by the government, and there was testimony of several witnesses as to the sale thereof. The defendant took the stand and denied the sale of whisky, but said that beer, which he admitted dispensing, was supplied to the hotel by a bottler, and he believed it was near beer. An analysis of the whisky purchased showed in one instance 51½ per cent. of alcohol by volume, and in another instance 36$^7/_{10}$ per cent. The beer contained more than one-half of .1 per cent. of alcohol. These analyses were not questioned. The whisky was described by the chemist as being distilled spirits; artificially colored, and the trial judge re-

⊚⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

ferred to it as "fake" whisky. If there was a sale of such an article, whether it was real whisky or "fake" whisky, is not material. In either event, there would be a violation of the National Prohibition Act, which makes it a crime to sell intoxicating liquor containing more than one-half of 1 per cent. of alcohol, and fit for use for beverage purposes. Section 1 of title 2 (Comp. St. Ann. Supp. 1923, § 10138½).

The case was very fairly tried, there appearing to be very little, if any, controversy during the taking of the testimony, and as to the charge of the court we find that the guilt or innocence of the defendant was squarely submitted to the jury for determination. A reading of the whole charge will, we think, convince one of this. We quote therefrom the following remarks selected at random:

"The question before you is again that simple question, did these sales take place?"

Again:

"Now, we are here to do our plain duty, and it is to answer the question which I have already several times put to you."

And again:

"There is the question. It is to be determined precisely as is any other question in a criminal court, according to precisely the same rules, and you are to exercise upon it exactly the same kind of a judgment. Now what are the rules? One of them is—and it is in this case, and it is for you to consider—one of them is that, whenever a witness comes before you testifying that he has participated in an act, I do not care what his motives were for having taken part in it, if he took part in it, then the injunction of the law, and without the injunction of the law your common sense, would lay the command upon your consciences, we must weigh carefully the testimony of that man."

And again:

"Is your honest opinion, under all the evidence in this case, that these sales took place? If they did, it is your duty to say so by your verdict. The law expects you, above all people, to be truthful, and if that is your real conviction to say so. If it is not your conviction, and you cannot say that you believe that the defendants did these acts, then it is just as much your duty to say that. And if you are in the third state of mind, that you have a reasonable doubt as to whether the sale took place or not, the injunction of the law again is that you give the defendants the benefit of a verdict of not guilty."

We are of the opinion that the charge of the trial judge was not such as would deny the defendant a fair trial. Finding no reversible error, we affirm the judgment below.